**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andre BARLOW, Defendant–Appellant.**

No. 03–50658.

Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 2004.

Joseph H. Gay, Jr, Assistant US Attorney, Angela S. Raba, San Antonio, TX, for Plaintiff-Appellee.

Judy Fulmer Madewell, San Antonio, TX, for Defendant-Appellant.

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM.*

Defendant–Appellant Andre Barlow pleaded guilty to one charge of possession of five grams or more of cocaine base with intent to distribute. The district court sentenced him to 140 months in prison and a five-year term of supervised release. Barlow now appeals his sentence.

Barlow contends that the district court erred by converting seized cash into a drug equivalent for sentencing purposes. He argues that the district court was required to make an explicit finding that the amount of drugs seized did not reflect the scale of his offense before making this conversion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Barlow has shown no legal error with respect to the district court's findings. The court satisfied the requirement that it make a finding on every controverted matter when it rejected Barlow's objections and found that the presentence report's inclusion of the conversion was correct. *See United States v. Brown,* 29 F.3d 953, 958 (5th Cir.1994).

Barlow further contends that the district court erred in finding that the disputed funds were drug-related, given Barlow's presentation of evidence to support his argument that these funds came from an insurance settlement. The district court's conclusion that the money was drug-related is plausible and thus is not clearly erroneous. *See United States v. Torres,* 114 F.3d 520, 527 (5th Cir.1997); *United States v. Puig–Infante,* 19 F.3d 929, 942 (5th Cir.1994).

Barlow has shown no error by the district court. Accordingly, Barlow's sentence is

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.